JOSEPHINE DE LAINE, PROSECUTOR, v. LOUIS HARRIS AND EDWARD A. QUAYLE, JUDGE OF THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT OF THE COUNTY OF MORRIS, DEFENDANTS.

Decided January 19, 1931.

Before Mr. Justice PARKER at the Morris Circuit.

For the prosecutor, *Robert S. Hartgrove.*

For the defendants, *I. Ezra Newmark.*

The opinion of the court was delivered by

PARKER, J.   The fundamental and controlling obstacle to allowance of a writ in this case is that the landlord and tenant proceedings in the District Court pursuant to *Comp. Stat.,* p. 3070, *et seq.,* are entirely regular on their face, and that the prosecutor not only did not require proof of the facts which according to the first section of the act authorize such proceedings against the tenant (in this case, a monthly tenancy, non-payment of rent, and demand served) but did not either personally or by counsel appear on the return day of the summons.   Judgment of ouster was accordingly entered on the affidavit, the sufficiency of which, in form, is conceded. The present application is directed to showing after such judgment that the affidavit was not true, and that in fact there was no relation of landlord and tenant because of a

written contract between the parties for the sale and conveyance of the premises by Harris to the prosecutrix, payment to be made in installments. A copy of this paper is before me. It does not in terms authorize the vendee to go into possession, but this is clearly to be inferred from a provision that in case of default, the payments made shall be considered as rent for use and occupation, and that for the purpose of eviction the prosecutrix shall be a monthly tenant and subject to the law applicable to that situation.

Such an agreement does not create at any stage the relation of landlord and tenant (*Gray* v. *Reynolds,* 67 *N. J. L.* 169), even when it expressly so provides. *Young* v. *Columbia Investment Co.,* 77 *Id.* 410. If at the return of the summons the tenant had appeared and this agreement had been proved as the sole evidence of the relation between the parties, the proceeding should have been dismissed. But where a tenant does not appear, or appearing does not demand proof other than the original affidavit, the resultant judgment is impregnable to *certiorari* if the summons was properly served and the affidavit is sufficient on its face. This is elementary. *Brick* v. *Burr,* 47 *N. J. Eq.* 189, 193; *Watson* v. *Idler,* 54 *N. J. L.* 472, 473; *Roberts* v. *McPherson,* 62 *Id.* 165; *Hankins* v. *Maul,* 63 *Id.* 153. Counsel for prosecutor argues that on the facts as he claims they actually are, there was no jurisdiction. But it is to the uncontradicted facts as exhibited to the District Court in the affidavit that that court and this court look for its jurisdiction; and as they were not then denied or challenged, they stand as proved for the purpose of supporting the judgment of ouster. The case of *Handelman* v. *Harris,* 93 *N. J. L.* 66, relied on by counsel, has no application; for in that case the justice of the peace had been deprived by statute of any right or power to hear such cases at all, and had no more jurisdiction to receive a landlord's affidavit than the sheriff or the county clerk.

The rule will be discharged, with costs. Prosecutrix is not without remedy, as the statute makes the "landlord" responsible in damages for a wrongful eviction. *Pamph. L.* 1903, *p.* 29; *Comp. Stat., p.* 3074, 18 *g.*