FRANCISZEK OLSTOWSKI AND MARGUERITE OLSTOW-
SKI, PLAINTIFFS, v. JOSEPH SCHRECK, Jr., AND MARY
SCHRECK, DEFENDANTS.

District Court, Monmouth County

Argued February 24, 1966—Decided April 7, 1966.

*Mr. John B. Marshall* argued the cause for plaintiffs.

*Mr. John B. Applegate* argued the cause for defendants, (*Messrs. Applegate, LaMura & Horan,* attorneys).

GRAY, J. D. C. In this case, which I believe to be of novel impression, plaintiffs as sellers of real estate under contract seek summarily to dispossess the purchasers who have defaulted in their monthly payments on account of the purchase price. Plaintiffs contend that defendants unlawfully detain the property in violation of *N. J. S.* 2A:39–4 and 5, and are therefore entitled to dispossess defendants under *N. J. S.* 2A:39–6. Thus, the situation here presented is not predicated upon an attempt to convert the relationship of seller and buyer into that of landlord and tenant, as in *Snedeker v. Quick,* 12 *N. J. L.* 129 (*Sup.* 1831); *DeLaine v. Harris,* 9 *N. J. Misc.* 295, 152 *A.* 860 (*Sup. Ct.* 1931), and *Young v. Columbia Investment Co.,* 77 *N. J. L.* 410 (*Sup. Ct.* 1909).

Plaintiffs basically rely on the statement appearing in 18 *N. J. Practice (Fulop, District and Municipal Courts)*, 164, wherein he states that summary proceeding to dispossess, as for unlawful detainer, is available by a seller against a defaulting purchaser. That statement is more fully discussed below.

Two species of unlawful detainer are defined in *N. J. S.* 2A:39–4 and *N. J. S.* 2A:39–5, respectively. The former section need not concern us here because it has to do with "any tenant or other person in possession * * * under a tenant." Clearly, defendants were neither tenants nor in possession under a tenant.

If plaintiffs are entitled to relief, defendants' occupancy must come within the definition laid down in *N. J. S.* 2A:39–5 which, in substance, provides as follows:

"A person taking possession * * * without the consent of the owner *or* without color of title, [who] willfully and without force [holds or detains] * * * after demand and written notice * * * shall be guilty of an unlawful detainer." (Emphasis supplied)

In construing this section Judge Fulop makes this statement, *op cit.,* §1622, *p.* 164:

"A slight change in the wording of this section from that in the statutes from which it was taken may have enlarged the scope of the action. The prior statutes required an entry without color of title and without the consent of the owner, his agent or duly authorized attorney, plus willful detainer after demand and notice. The revised statute refers to an entry 'without color of title or without the consent of the owner.' It would seem to follow that one entering with the consent of the owner but without color of title may be guilty of an unlawful detainer, if he refuses to deliver up possession after written demand. Thus, one who enters as a licensee or as a prospective purchaser who defaults in his purchase agreement may be removed under this section."

██ Defendants Schreck took possession under a contract of sale and therefore were clearly in possession with the consent of the owners. Thus, if their detaainer is to come within the definition of section 5, it must be found that they entered

without color of title. "Color of title" is something less than actual title. "Color" is defined in 15 *C. J. S.*, *p.* 235, as follows:

"* * * In a derived sense, 'color,' in legal parlance means 'appearance' as distinguished from 'reality'; guise; appearance; pretense; not the thing itself, or the right to the thing, but only an appearance thereof; semblance; show; implying in the language of the law that the thing to which it is applied has not the real character imputed to it. * * *"

And thus color of title would seem to be something less than the adjudicated absolute right or title. Hence the right of entry under section 5 need be nothing more than the appearance of title or right.

If mere appearance or color of title will suffice to destroy the unlawfulness of the detainer, we must then decide whether the statute contemplates color of *legal* title or color of *equitable* title.

If it means strictly without color of *legal* title, defendants' occupancy would clearly be within the provisions of section 5 and their continued occupancy would be an unlawful detainer. If, however, the words mean without color of equitable title, it is clear that as purchasers under contract they would have at least color of equitable title.

 This court may deal with equitable concepts. In *Vineland Shopping Center v. DeMarco*, 35 *N. J.* 459 (1961), Chief Justice Weintraub declared:

"* * * that our rules of court are designed to bar jurisdictional squabbles so far as possible, and to that end require the county district court, * * * to determine actions within their jurisdiction upon the basis of the controlling principle, whether historically that principle was cognizable at law or in equity." (at *p.* 468)

The distinction between equitable and legal rights and principles arose from the mutual exclusiveness of the two systems of jurisprudence. "From time to time courts of law adopted those (equitable) principles whereupon equity withheld its hand since the remedy at law had become adequate." *Ibid.,*

at *p.* 466. Thus to recognize an equitable principle in a court of law is to engraft upon the strictly legal principle the incidents of the equitable concept, thereby creating an integrated concept bearing facets that reflect all rights and obligations equitable and legal.

■ The contract here effects an equitable conversion, and purchasers in contemplation of equity may become the real owners. *Coolidge & Sickler v. Regn,* 7 *N. J.* 93 (1951); *Mango v. Brodsko,* 32 *N. J. Super.* 616 (*Ch. Div.* 1954). And under proper circumstances the contract may also be construed as an equitable mortgage wherein the seller becomes a mortgagee and the buyer is the mortgagor. But see *Dorman v. Fisher,* 31 *N. J.* 13 (1959), which holds to the contrary. However, it is not the function of this court or this opinion to decide whether in fact these equitable estates exist. It fits the statute if the mere "color" of the estate exists.

■ An equitable estate may here exist—colorably exist. A court of equity finding that it does in fact exist could restrain this summary action, and because of this, this court must engraft upon the concept of "color of title" the concept of "color of equitable title," so that the entire controversy may be determined in broader forensic fields than is afforded by this strictly statutory, summary and, therefore, narrow remedy of possession.

■ I hold, therefore, that the defendants Schreck are in possession under color of equitable title. It follows that since the detainer is not unlawful under section 5, the action must be dismissed for lack of jurisdiction.

So ordered.