320 A.2d 331.

SAMUEL CORRADO *et ux. vs.* PROVIDENCE REDEVELOPMENT AGENCY *et al.*

JUNE 5, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

JOSLIN, J. This is one of several chapters — and hopefully one of the last — in the litigation between Samuel Corrado and his wife Dorothy, as plaintiffs, and the Providence Redevelopment Agency (redevelopment agency) and the treasurer of the city of Providence, as defendants. At the root of the litigation are the Corrados' attempts to prevent the redevelopment agency from taking their property under the eminent domain power. A proper introduction to the current chapter requires at least a capsulized chronology of the significant prior proceedings.

In 1966 the Providence City Council adopted and approved the East Side Renewal Project No. R. I. R-4 (renewal project). It was prepared by the redevelopment agency, and it called for the acquisition by eminent domain and the redevelopment of a large area, including a parcel on South Main Street owned by the Corrados.

The Corrados were unhappy at the prospect of losing their property and believed that they were as able to restore and rehabilitate it as would be the developer to whom the redevelopment agency proposed to assign that obligation. Accordingly, they commenced C.A. No. 68-4656 in the Superior Court on November 8, 1968, (1) challenging the validity of the proceedings and the adoption of the redevelopment plan principally on the due process grounds and on the further ground that the taking of their particular property would serve no public purpose, and (2) praying that the redevelopment agency be enjoined from taking their property and from entering into a contract for the redevelopment of their land, and that the city treasurer be barred from using tax revenues for those purposes.

The Superior Court did not reach the grounds of their challenge, but instead dismissed the action because it had not been commenced within the limitations period for the bringing of suits contesting, on constitutional or other

grounds, the validity of a redevelopment plan and proceedings incident thereto. On appeal, we affirmed. *Corrado* v. *Providence Redevelopment Agency,* 105 R. I. 470, 252 A.2d 920 (1969), *cert. denied,* 396 U. S. 1022, 90 S.Ct. 595, 24 L.Ed.2d 515 (Jan. 12, 1970), *rehearing denied,* 397 U. S. 1031, 90 S.Ct. 1268, 25 L.Ed.2d 546 (April 6, 1970).

On April 10, 1970, following the Supreme Court's denials of their petition for certiorari and their motion for a rehearing, the Corrados commenced the present action, C.A. No. 70-1062, in the Superior Court. They name the same defendants and seek the identical relief as they did in C.A. No. 68-4656. On April 13, 1970, their prayer for a preliminary injunction was heard in the Superior Court and was denied from the bench on res judicata grounds. A written order to that effect was not entered, however, until April 17, 1970.[1]

In the meantime, on April 14, 1970, the redevelopment agency commenced the final steps in the condemnation process, and three days later what theretofore had existed only as a threat to acquire the Corrado property became an actuality. As a consequence, the Corrados filed a supplemental complaint alleging that the April 17th taking violated the Superior Court Rules of Civil Procedure, was arbitrary, capricious, and in bad faith, was lacking in due process, and was repugnant to the federal and state constitutions.[2]

---

[1]The Corrados' appeal from that judgment was rejected because the denial of a preliminary injunction is interlocutory rather than final and therefore not reviewable. *Corrado* v. *Providence Redevelopment Agency,* 107 R. I. 628, 269 A.2d 551 (1970), *cert. denied,* 402 U. S. 947, 91 S.Ct. 1640, 29 L.Ed.2d 117 (1971).

[2]While the supplemental complaint avers that the taking occurred on April 14, records submitted to us indicate that, pursuant to G. L. 1956 (1970 Reenactment) §45-32-30, title vested on April 17. Inasmuch as the result here is not thereby affected, we deem April 17 as the controlling date for purposes of this appeal.

More than two years elapsed without any further proceedings in the Superior Court. Then the case was heard on defendants' special plea of res judicata, which, under Super. R. Civ. P. 8(c), is an affirmative defense. That plea was sustained and the complaint was denied and dismissed. Once again, the Corrados appealed, and it is that appeal which we now consider.

The question it raises is whether the dismissal was called for by the established principles which bar relitigation of the same cause of action between the same parties and provide that a final judgment rendered on the merits[3] in a prior proceeding is conclusive not only on the issues actually raised and determined, but also on every issue which might properly have been litigated and decided therein. *Perez* v. *Pawtucket Redevelopment Agency,* 111 R. I. 327, 302 A.2d 785 (1973); *Goloskie* v. *Sherman,* 108 R. I. 730, 279 A.2d 409 (1971); *Coates* v. *Coleman,* 72 R. I. 304, 312-13, 51 A.2d 81, 85 (1947); *Randall* v. *Carpenter,* 25 R. I. 641, 57 A. 865 (1904).

Initially, the Corrados contend that the denial of their application for a preliminary injunction was improper because it was made before entry of final judgment in C.A. No. 68-4656.[4] *See Perez* v. *Pawtucket Redevelopment Agency, supra* at 336-37, 302 A.2d at 791. But it would

---

[3]There can be no question that the prior judgment in C.A. No. 68-4656, though based on the statute of limitations, was on the merits and therefore within the doctrine of res judicata. *E.g., Mathis* v. *Laird,* 457 F.2d 926 (5th Cir.), *cert. denied,* 409 U. S. 871, 93 S.Ct. 201, 34 L.Ed.2d 122 (1972); *Williamson* v. *Columbia Gas & Elec. Corp.,* 186 F.2d 464, 466-67 n.6 (3d Cir. 1950); *Cain* v. *Union Central Life Ins. Co.,* 123 Ky. 59, 93 S.W. 622 (1906).

[4]The factual premise for that assertion is that the papers in C.A. No. 68-4656 traveled to Washington, D. C., with the Corrados' petition for certiorari, returned to this court on February 3, 1970, and were not returned to the Superior Court until April 17, 1970, the same day an order was entered in this case denying the preliminary injunction.

be idle for us to reverse an order denying a preliminary injunction now that there has been a trial on the merits and a final judgment has been entered refusing injunctive relief for the same reasons that prompted rejection at the preliminary stage.

The Corrados further contend that this cause of action is not so closely identified with that in C.A. No. 68-4656 as to justify application of the rules of res judicata. But that is just not so. Instead, the two complaints are facially almost identical, even to the point of repeating typographical errors. Both name the same parties, seek the same relief, involve the same subject matter, arise out of the same occurrences, and rest on the common contention that the proposed taking under the redevelopment plan would deprive the Corrados of their property without due process of law, in violation of both the federal and state constitutions.

There are admittedly some differences. This complaint now charges, in substance, that the proposed taking violates art. I, sec. 5, of the Rhode Island constitution, and that the city council as well as the redevelopment agency acted arbitrarily and unreasonably in refusing to allow the Corrados to develop their property independently of, but in conformity with, the redevelopment plan. But these charges, like those advanced in the first suit, challenge the validity of the redevelopment plan and its adoption. They could have been raised in the prior suit. The rules of res judicata previously enunciated preclude the Corrados from litigating them in this action.

Finally, there is the supplemental complaint which the Corrados filed after the actual taking of their property on April 17, 1970. Prior to that date they had been attacking a threatened taking under the redevelopment plan. Once the threat ripened into action, the relief they sought was to set aside, rather than enjoin, the taking. But they pre-

dicated that claim in the main upon the same constitutional and unfairness grounds as were or could have been charged in the original suit. As to those matters, the judgment in the prior action was conclusive, and their reiteration in the supplemental complaint is of no assistance to the Corrados.

The supplemental complaint also implicitly asserts that the condemnor's right to acquire their property was stayed pending resolution of the Corrados' appeal in the first suit, C.A. No. 68-4656. That contention can be summarily rejected because the record does not disclose that any stay against acquisition was in effect on April 17, 1970, when their property was acquired. Nor does Super. R. Civ. P. 62 provide for an automatic stay during the pendency of an appeal from a judgment with respect to an injunction.

Similarly without merit is the Corrados' final contention that the taking was barred because of the agency's letter agreement that it would "* * * take no action to acquire [the property] until the matter has been disposed of by the United States Supreme Court." Although the Corrados claim that the April 17th condemnation preceded the Supreme Court's final disposition of C.A. No. 68-4656, the record discloses that the taking actually *followed* by more than a week the Supreme Court's April 6th denial of the Corrado's motion for a rehearing on their petition for certiorari.

The plaintiffs' appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remitted to the Superior Court for further proceedings.

Petition for reargument denied. Motion for reconsideration of petition denied.

*Samuel Corrado*, pro se, for plaintiffs.

*Timothy J. McCarthy, Louis A. Mascia*, City Solicitor, for defendants.