**CHRYSLER FIRST FINANCIAL SERVICES CORP.**

v.

**Peter VAN DAAM et al.**

No. 89–107–A.

Supreme Court of Rhode Island.

Nov. 24, 1989.

Lloyd A. Rustigian, Providence, for plaintiff.

Peter Van Daam, pro se.

Before FAY, C.J., and KELLEHER, WEISBERGER, MURRAY and SHEA, JJ.

## OPINION

PER CURIAM.

This case came before the court for oral argument November 6, 1989, pursuant to an order that had directed both parties to appear in order to show cause why the appeal should not be summarily decided.

The facts of the case insofar as pertinent to this appeal are as follows.

The action was brought in the District Court for the Sixth Division on a complaint for eviction of defendants, Peter Van Daam and Brigitta Van Daam, brought by plaintiff Chrysler First Financial Services Corp., which had foreclosed a mortgage on property owned by defendants located at 46–48 East George Street in the city of Providence.

Prior to trial in the Sixth Division District Court, plaintiff scheduled depositions for August 18, 1988. The defendants Peter Van Daam and Brigitta Van Daam failed to appear on the first date assigned. The costs of this deposition were assessed against defendants by the District Court in the sum of $301.75. The deposition was rescheduled for September 28, 1988. On this date Brigitta Van Daam did not appear. Peter Van Daam did appear but refused to take an oath or affirmation. His grounds for refusing to take an oath or affirmation was that Chrysler Corporation did not appear at the deposition and that only its attorney was present. The cost of this deposition was assessed against defendants in the sum of $958.20. The deposition was then rescheduled, and the court issued an order requiring both defendants to appear and take an oath or affirmation. This deposition was scheduled for November 3, 1988. Again Brigitta did not appear, and Peter Van Daam appeared but refused to take either an oath or an affirmation.

Thereafter plaintiff filed motions asking, among other relief, that defendants be defaulted for willful failure to make discovery pursuant to Rule 37(b) of the District Court Rules of Civil Procedure, and to pay the cost assessed for failure to appear at scheduled depositions. The court declined to award additional costs for failure to appear and participate in the third deposition, but the court ordered that defendant Brigitta Van Daam be defaulted and that Peter Van Daam would be defaulted if payment of costs for the second deposition, namely, $958.20, were not paid by November 30, 1988. No such payment was made. Thereafter the case was continued to December 7, 1988, for proof of claim.

At the hearing on December 7, 1988, a judge of the District Court entered judgment in favor of plaintiff for possession of the subject property and for the sum of $14,280 for use and occupation of the premises. The District Court further assessed costs against defendants in the following order:

"In addition to the $50 attorney's fee listed in said statute, court costs which shall include the filing fee of the plaintiff initiating the action; costs of all summons directed to the defendants, Peter Van Daam and Brigitta Van Daam; costs for subpoena duces tecum issued for the hearing of this matter on December 7, 1988; witness fees for witnesses in attendance at said hearing; and costs of $301.75 and $958.20 as allowed by this court as court costs."

Thereafter, defendants appealed to the Superior Court but failed to pay the costs as assessed by the judge of the District Court in accordance with G.L.1956 (1985 Reenactment) § 9–12–10.1, as amended by P.L.1986, ch. 200, § 6, which provides in pertinent part that a party who claims an appeal to the Superior Court from a judgment of possession "shall pay to the clerk all costs including an attorney's fee of fifty dollars ($50.00) for the party or parties adversely interested in the judgment." This statute must be considered together with § 9–22–21, which authorizes a court to assess costs for the taking of depositions.

In the Superior Court, plaintiff filed a motion to dismiss defendants' appeal for failure to pay costs pursuant to § 9–12–10.1. A Superior Court justice granted the motion to dismiss, and defendants appealed from the judgment of dismissal.

This court held in *Jones v. Aciz*, 109 R.I. 612, 289 A.2d 44 (1972), that the requirement placed upon a defendant in an action for eviction to pay the costs assessed by the District Court as well as to file an appeal bond (not pertinent to this case) did not violate the constitutional rights of the defendant and, further, that the failure to pay such costs in the absence of a claim of indigence or waiver of said costs by the

District Court would justify the Superior Court in dismissing the appeal and denying such defendants the trial de novo that would otherwise be available to them.

In the case at bar defendant Peter Van Daam insisted upon making his own rules of both substance and procedure and ignoring the rules enacted by the District Court and the statutes enacted by the Legislature of the State of Rhode Island. He at no time claimed indigence. He refused to testify at depositions duly scheduled even when ordered to do so by a judge of the District Court. Indeed, he refused to testify before a judge of the District Court for reasons that are difficult to perceive.

He apparently entertained the notion that he was not required to testify unless the corporate plaintiff appeared "in person." In advancing this proposition Mr. Van Daam ignored the body of statutory and common law of several hundred years that has authorized corporations to sue and be sued in their corporate name and to be represented in such suit by their agents, including attorneys authorized to practice law in this and other jurisdictions. *See* G.L.1956 (1985 Reenactment) § 7–1.1–4(2). This claim is so lacking in merit that discussion is not required.

Mr. Van Daam therefore had no standing to pursue his appeal in the Superior Court when he had not met the threshold requirement of taking such an appeal. The fact that the costs assessed by the District Court were higher than would normally have been encountered was due only to Peter Van Daam's arrogant refusal to make discovery as required from all litigants in civil actions in this state.

For the reasons stated, the defendants' appeal is denied and dismissed. The judgment of the Superior Court is affirmed. The papers in the case may be remanded to the Superior Court, which may in turn remand the papers to the District Court for execution on the judgment heretofore entered.