**BLUE RIBBON BEEF CO., INC.**

v.

**Stephen T. NAPOLITANO, in his official capacity as Treasurer of the City of Providence.**

**No. 89–584–Appeal.**

Supreme Court of Rhode Island.

Jan. 11, 1991.

Dennis J. Roberts II, Carroll, Feldstein & Peirce, Inc., Providence, for plaintiff.

David O. Curtin, Edward C. Clifton, City Sol., Providence, for defendant.

## OPINION

MURRAY, Justice.

Blue Ribbon Beef Co., Inc. (Blue), is appealing the dismissal of its case against the defendant Stephen T. Napolitano (in his official capacity as treasurer of the city of Providence) (Napolitano) on statute-of-limitation grounds. For the reasons that follow, we reverse and order the case to proceed on the merits.

The background of this case is recounted in a prior opinion of this court, *Providence and Worcester Co. v. Blue Ribbon Beef Co.*, 463 A.2d 1313 (R.I.1983) (*I Blue*). Briefly, the facts are as follows. In 1975 Blue began occupancy of a parcel of realty (parcel) owned by the city of Providence (Providence) under a five-year lease which, to the best that we can determine, would expire on April 30, 1980. In 1978 Blue and Providence had negotiations over extending the lease for a twenty-year period. The parties agreed on terms. On January 3, 1979, the City Council for the city of Providence authorized the mayor of Providence (mayor) to execute the agreed-upon twenty-year lease. The mayor in fact, however, never executed the lease. In April of 1979 the city sold the parcel to the Providence and Worcester Company (P & W). Blue continued occupancy under its five year

lease. On May 8, 1980 (eight days after the five-year lease expired), P & W brought a trespass-and-ejectment action against Blue. That case (*I Blue*) eventually reached this court. We held in *I Blue* that the mayor's affixation of his signature to the lease extension was a mere ministerial act. Therefore, if a third party (P & W) was not involved, Blue could have properly maintained a mandamus action to force the mayor to execute the lease. We held, however, that the unrecorded and unexecuted lease was not binding against P & W, a bona fide purchaser without notice of Blue's right to assert a mandamus action. We concluded, therefore, that Blue had no rights under the lease extension against P & W but that Blue could still maintain an action for monetary damages against Providence. It is this latter statement that brings Blue before us in this (*II Blue*) suit.

▇ The issue before this court is did Blue assert its claim against Providence in a timely fashion. Preliminarily we note that this matter is before the court on appeal from a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Superior Court Rules of Civil Procedure. Even if one assumes this suit was time barred by the statute of limitations, that assumption would not deny the court of subject-matter jurisdiction. Therefore, defendant's motion in this particular case should have been a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted or a Rule 12(c) motion for judgment on the pleadings.

▇ This suit was filed in Providence Superior Court on August 17, 1989. The parties do not dispute that the applicable statute of limitations is G.L.1956 (1985 Reenactment) § 9–1–13(a), which provides for a ten-year statute of limitations. Napolitano urges that Blue's action accrued on January 3, 1979, the date the city council authorized the mayor to sign the lease extension. We disagree. Although Blue had a mandamus action accruing on that date, it could not assert any claim for damages. Alternatively, Napolitano urges that Blue's action accrued on April of 1979, the date when P & W took title and when Blue could

no longer maintain a mandamus action. We disagree.

We rule that Blue's action accrued for statute-of-limitations purposes on April 30, 1980, the date when Blue's lawful possession of the premises terminated under its original lease with Providence, and when the lease extension was to begin.

Accordingly, the plaintiff's (Blue's) appeal is sustained. The judgment of the Superior Court is reversed. The papers in the case are remanded with instructions that the case proceed on the merits.