[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the Court on the plaintiff's motion for partial summary judgment pursuant to Super. Ct. R. Civ. P. 56.
FACTS
The facts and travel of this case are outlined in Providence Worcester v. Blue Ribbon Beef, 463 A.2d 1313 (R.I. 1983). The dispute arises out of property located at 276 Canal Street in the City of Providence.
Blue Ribbon Beef Co., Inc. (hereinafter "Blue Ribbon") leased the property in question from the City of Providence from 1976 to 1980. In 1978, Blue Ribbon negotiated a 20 year lease extension from the Providence City Council. On January 3, 1979, the city council passed a resolution authorizing the mayor to sign and execute a lease extension with Blue Ribbon.
In March of 1979, the City of Providence sold the property in question to the Providence Worcester Company (hereinafter "Providence-Worcester"). Providence-Worcester did not have notice of the lease extension when it recorded the quitclaim deed it received from the city.
On May 8, 1980, Providence-Worcester filed a complaint in District Court claiming ownership of the property in question and sought to evict Blue Ribbon for the failure to pay rent.[1] The District Court found for Blue Ribbon and Providence-Worcester appealed to the Superior Court.
The Superior Court ruled for Providence-Worcester finding that the mayor did not sign the lease extension thus rendering the lease unenforceable. The Court also found, even if the lease was valid, that Providence-Worcester would not be bound by the lease because they were bona fide purchasers in good faith without notice of the prior lease extension. Blue Ribbon appealed. In Providence Worcester v. Blue Ribbon Beef,463 A.2d 1313 (R.I. 1983), (hereinafter "Blue Ribbon I"), the Court found for Providence-Worcester because the company was a bona fide purchaser without notice of the lease extension. The Court also held that the lease extension was a valid and binding contract, with or without the mayor's signature.
On August 17, 1989, Blue Ribbon then filed suit against the City of Providence seeking monetary damages from the City for allegedly breaching the lease extension with Blue Ribbon. InBlue Ribbon v. Napolitano, 585 A.2d 67 (R.I. 1991), the Court held that Blue Ribbon's suit against the City was not barred by the statute of limitations.[2]
Blue Ribbon now seeks to have this Court rule that the issue of liability regarding the lease extension has already been decided, leaving nothing more for determination than Blue Ribbon's monetary damages.
ANALYSIS
Summary judgment is a drastic remedy. Mulholland Const. v.Lee Pare Assoc., 576 A.2d 1237 (R.I. 1990), Ludwig v. Kowal,
419 A.2d 301 (R.I. 1980). It should be granted only in the event that a party is entitled to judgment as a matter of law and when there is no question of material fact in dispute between the parties. Id. Questions raised under the doctrine of res judicata or collateral estoppel are generally issues of law.Mulholland, at 1237; Corrado v. Providence RedevelopmentAgency, 113 R.I. 274, 320 A.2d 331 (1974); Providence TeachersUnion v. McGovern, 113 R.I. 169, 319 A.2d 358 (1974). Res judicata bars relitigation of all issues that were tried or might have been tried in the original law suit. Providence TeachersUnion, at 172, 319 A.2d 361; Perez v. Pawtucket RedevelopmentAgency, 111 R.I. 327, 302 A.2d 785 (1973). Collateral estoppel, on the other hand, bars relitigation of factual or legal issues that were actually litigated in a prior action. ProvidenceTeachers Union, at 172, 319 A.2d 361. The case at bar presents an attempt by Blue Ribbon to use offensive collateral estoppel as opposed to res judicata. Blue Ribbon is attempting to assert that the City of Providence's liability has already been decided inBlue Ribbon I.
The Rhode Island Supreme Court stated that the criteria for the application of collateral estoppel are (1) an establishment that the party against whom collateral estoppel is asserted was a party or privy to the prior action; (2) a final judgment on the merits; and (3) an identity of the issues. Nunes v. B SRoofing Co. Inc., 576 A.2d 1206 (R.I. 1990); Mulholland, at 1238; Providence Teachers Union, at 172 319 A.2d 361. Additionally, when determining whether to apply the doctrine of collateral estoppel, the trial justice must ascertain whether a "rational trier of fact in an earlier case could have based its decision upon an issue other than that which a party seeks to foreclose from consideration." Nunes, at 1210; State v.Berberian, 122 R.I. 699-700, 411 A.2d 311 (R.I. 1980).
In the case at bar, Blue Ribbon fails to satisfy the first prong of the collateral estoppel test. The City of Providence was not a party or in privity with a party in Blue Ribbon I.Mulholland at 1238. Although there is privity of estate between Providence Worcester and the City of Providence regarding the land in question, there is no privity of contract. The action in the case at bar hinges on the contractual relationship between Blue Ribbon and the City of Providence. Thus, in order for the City of Providence to be considered in privity with Providence-Worcester, there would have to be privity of contract. The Court in Blue Ribbon I stated: "While the lease extension would have been binding against the city, it may not be enforced against P W as a bona fide purchaser." Providence Worcester, at 1319. If the City of Providence was in privity with Providence-Worcester, then Providence-Worcester would also be bound by the lease agreement. In Blue Ribbon I,
Providence-Worcester did not defend the City of Providence against Blue Ribbon for an alleged breach of a lease. Therefore, the City of Providence could not be considered a party or privy to the prior action for collateral estoppel purposes.
Even if the City of Providence was a party or privy to the first action, the other requirements of the collateral estoppel test are not satisfied. In Blue Ribbon I, there was not a valid and final judgment on the merits regarding whether the City of Providence breached its lease with Blue Ribbon. The Court inBlue Ribbon I, first had to ascertain whether a valid lease existed between Blue Ribbon and the City of Providence. Id. at 1315-1317. The Court found that a valid lease did exist. Id. at 1317. The Court, however, did not address the issue of the City of Providence's liability. Specifically the Court stated: "Blue Ribbon's difficulty, however, is that it seeks to enforce this lease, not against the city, but against P W." Id. at 1318. Additionally, the Court wrote: "our findings . . . are without prejudice to the right of Blue Ribbon to seek monetary damages from the city." Id. at 1319. Therefore, Blue Ribbon I
resolved whether a lease existed between Providence-Worcester and the City of Providence, and not whether the city breached its lease with Blue Ribbon as is the issue in the case at bar.
Finally, the issues in the case at bar and Blue Ribbon I are not identical. The issue resolved in Blue Ribbon I was "whether a valid, enforceable lease exists between Providence Worcester and Blue Ribbon." Providence Worcester, at 1315. The issue in the case at bar, is not whether a lease exists between Blue Ribbon and Providence-Worcester but whether the City of Providence breached its agreement to extend the lease granted to Blue Ribbon.
The requirements of the doctrine of collateral estoppel are not satisfied. Therefore, Blue Ribbon's motion for summary judgment is denied. Counsel shall prepare an order to reflect the above disposition.
[1] Blue Ribbon's original lease with the City of Providence expired on April 30, 1980.
[2] Blue Ribbon brought suit against Stephen Napolitano in his capacity as Providence City Solicitor.