[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Presently before this Court is Chrysler First Financial Services Corporation's (Chrysler First) motion for summary judgment pursuant to Sup. Ct. R. Civ. P. 56.
On June 7, 1990, the City of Providence, through tax sale proceedings, sold certain property described as Lot 136 of Assessor's Plat 14 (46-48 East George Street) to David Van Daam (plaintiff). Plaintiff paid $7,084.40 to the City of Providence and received a collector's deed to the property, subject to a right of redemption. The collector's deed was duly recorded on July 9, 1990.
Chrysler First alleges that prior to the tax sale it succeeded to ownership of the property through a mortgage foreclosure sale pursuant to a promissory note executed by co-defendant Peter Van Daam and secured by a lien against the property. Within six months of the tax sale Chrysler First tendered $7,818.84, representing the purchase price and statutory penalties, to the City of Providence to redeem its interest in the property. The city provided Chrysler First with a certificate of redemption which was thereafter properly recorded. The city, however, inadvertently remitted the redemption fee to Peter Van Daam. Plaintiff, as the tax sale purchaser, was properly entitled to the redemption fee.
At oral argument, co-defendant Peter Van Daam argued that Chrysler First had no right to redeem the tax sale property. Peter Van Daam alleges that he satisfied all obligations under the promissory note prior to the tax sale, thereby terminating any interest Chrysler First may have had in the property. To support this allegation, Peter Van Daam has submitted a copy of the promissory note marked "paid" by Chrysler First.
On July 25, 1991, plaintiff filed the instant action requesting equitable relief along with his petition to foreclose the right of redemption in the property. Plaintiff's allegations specifically include: (1) that the redemption deed is null and void for lack of adequate consideration; (2) that if Chrysler First did pay adequate consideration, payment should have been made to plaintiff rather than the City of Providence; and (3) that Chrysler First had no right of redemption since it had no interest in the subject property.
Chrysler First now moves this Court to dismiss plaintiff's petition. Chrysler First alleges that plaintiff's petition to foreclose the right of redemption is precluded since the City of Providence has already issued a certificate of redemption. Chrysler First further alleges that it should prevail on summary judgment because plaintiff's complaint requests equitable relief in conjunction with the petition to foreclose the right of redemption.
Summary judgment is a means of curtailing litigation in the early stages where the court finds that no genuine issue of material fact exists. Trend Precious Metals v. Sammartino,577 A.2d 986, 988 (R.I. 1990). The court must recognize that summary judgment is a drastic remedy which should be cautiously applied.Rustigian v. Celona, 478 A.2d 187, 189 (R.I. 1984). A litigant who seeks to oppose a motion for summary judgment has the burden of proving the existence of a disputed issue of material fact and cannot rest upon mere allegations or denials present in the pleadings, mere conclusions, or legal opinions. Industrial Nat'lBank v. Patriarca, 502 A.2d 336, 338 (R.I. 1985).
Plaintiff first alleges that Chrysler First is not entitled to summary judgment because the redemption deed was not supported by adequate consideration. This argument is entirely without merit. The affidavit of Stephen Napolitano, Treasurer of the City of Providence, avers that Chrysler First paid the proper redemption fee pursuant to R.I.G.L. § 44-9-21 (1988) and received a redemption certificate. Plaintiff has presented no evidence to rebut or contradict Chrysler First's proper compliance with §44-9-21. The mere allegation that the redemption deed was unsupported by adequate consideration is insufficient to support plaintiff's first objection to Chrysler First's motion for summary judgment.
The second argument in opposition to the motion for summary judgment is that Chrysler First erroneously paid the redemption fee to the City of Providence rather than the plaintiff. This argument likewise is entirely without merit. The clear and unambiguous language of § 44-9-21 provides that a redeeming party may redeem the property by tendering to the City Treasurer the proper redemption fee, in which case the Treasurer will become the agent of the tax sale purchaser. By tendering the $7,818.84 redemption fee to Treasurer of the City of Providence, Chrysler First properly complied with § 44-9-21. Pursuant to § 44-9-21, the Treasurer became plaintiff's agent and was thereafter responsible for forwarding the redemption fee to the plaintiff. The fact that the Treasurer paid the redemption fee to Peter Van Daam rather than the plaintiff in no way affects the validity of Chrysler First's redemption. Plaintiff's argument that Chrysler First paid the redemption fee to an improper party must fail since it is entirely inconsistent with statutory law.
Plaintiff's final argument in opposition to the motion for summary judgment is that Chrysler First had no right of redemption since it had no interest in the property. Plaintiff, however, has presented no facts or evidence to support this claim. Moreover, plaintiff has submitted neither a memorandum of law nor affidavits to challenge the validity of Chrysler First's interest in the property. At oral argument, co-defendant Peter Van Daam was the only party to zealously contest Chrysler First's interest in the property. The only evidence of substance proffered by the plaintiff with respect to Chrysler First's right to redeem is the allegation contained in the complaint. Since plaintiff has failed to present any evidence which would indicate the existence of a genuine issue of material fact with respect to the validity of Chrysler First's interest in the property, the final argument against summary judgment must fail as well.
While it is true that co-defendant Peter Van Daam zealously challenged Chrysler First's interest in the property, this Court is precluded from entertaining his argument on this issue. Despite Peter Van Daam's procedural alignment as a co-defendant, he has taken a position completely adverse to that of Chrysler First. As an adverse party to Chrysler First, Peter Van Daam is precluded from challenging the validity of Chrysler First's interest in the property under the doctrine of res judicata.
In Chrysler First Financial Servs. Corp. v. Van Daam,566 A.2d 390 (R.I. 1989), Chrysler First had foreclosed on a mortgage against the property currently involved in this action, then owned by Peter and Brigitta Van Daam. Subsequent to the foreclosure sale, Chrysler First brought an eviction action against the Van Daams to remove them from the property. The Van Daams, while threatened with eviction from their home, elected to disregard court orders rather than challenge the validity of either the eviction or the prior foreclosure. After willful failure to comply with discovery and other court orders, the District Court entered a default judgment against the Van Daams. The Van Daams' appeal to Superior Court was dismissed. Our Supreme Court thereafter affirmed the Superior Court's dismissal and ordered execution on the District Court default judgment.
The doctrine of res judicata provides that a judgment in a prior cause of action is conclusive not only with respect to matters which were offered to defeat a claim, but also to matters which could have been offered to defeat a claim but were not.United States v. Martin, 395 F. Supp. 954, 959 (S.D.N.Y. 1975);Mulholland Constr. Co. v. Lee Pare Associates, Inc.,576 A.2d 1236, 1238 (R.I. 1990). This rule is rendered no less inexorable where a particular judgment is the result of a default. UnitedStates v. Martin, 395 F. Supp. 954, 959. A judgment by default has the same force and preclusive effect as a judgment entered after a trial on the merits. 49 C.J.S. § 200.
Peter Van Daam certainly had full and fair opportunity to challenge Chrysler First's interest in the property located at 46-48 East George Street in Chrysler First Financial Servs.Corp., supra. Whether Chrysler First possessed any interest in property at the time of foreclosure is an issue which was certainly pertinent to the prior eviction action. Since Peter Van Daam should have raised this issue in Chrysler First FinancialServs. Corp., supra, but failed to do so, the doctrine of res judicata precludes him from challenging the validity of Chrysler First's interest in the property in the current proceedings. Peter Van Daam has no standing to question Chrysler First's interest in the property.
Plaintiff, David Van Daam, has presented no evidence to indicate the existence of an issue of material fact with respect to whether the redemption deed issued by the City of Providence was supported by adequate consideration. Plaintiff's second allegation that Chrysler First improperly remitted the redemption fee to the City of Providence is incorrect as a matter of law. Since co-defendant Peter Van Daam is precluded form challenging Chrysler First's interest in the property, and the plaintiff has failed to produce any evidence, argument, or memorandum of law on this issue, this Court finds that no genuine issue of material fact exists with respect to the validity of Chrysler First's interest in 46-48 East George Street. Accordingly, Chrysler First's motion for summary judgment is hereby granted.
Counsel shall prepare an appropriate judgment for entry.