[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is an appeal from a final decision of the Coastal Resources Management Council made on August 11, 1987. The plaintiff-appellants are Paul M. Sanroma and Edna H. Sanroma. Jurisdiction in this Court is pursuant to § 42-35-15 R.I.G.L.
I
TRAVEL OF CASE AND SUMMARY OF FACTS
This appeal concerns a decision of the Coastal Resources Management Council, hereinafter referred to as the Council, which designated as a public right-of-way, a parcel of land known as Beach Lot, located adjacent to Poppasquash Road in the Town of Bristol. The right-of-way designation was made pursuant to the authority given to the Council by § 46-23-6(E)(b), R.I.G.L.
That designation, contained in the written decision which serves as the subject matter of this appeal was made following statutory compliance with the required public hearings. It should be noted that the decision, while dated August 11, 1987, was not mailed by the Council to the plaintiff-appellants, until September 16, 1987. Accordingly, while it may appear that the appeal is not timely filed, it was in fact duly filed within the thirty day period after the mailing of the decision to the plaintiff-appellants as required by § 42-35-15(b) R.I.G.L. The parties here last filed their legal memorandum on September 15, 1991, and thereafter, on September 30, 1991, it was assigned to this Court for decision, which is now made and entered.
II
APPELLATE REVIEW PURSUANT TO § 42-35-15 R.I.G.L.
General Laws 1956, § 42-35-15, as amended, confers appellate jurisdiction in this Superior Court to review decisions of the various state administrative agencies. The scope of review permitted, however, is limited by that statute. Fundamental in the statute is the basic legislative intention that this Court should not, and cannot, substitute its judgment on questions of fact for that of the respondent agency. Lemoine v. Department ofPublic Health, 113 R.I. 285, 291 (1974). This is so, even in those cases where this Court, after reviewing the certified record and evidence might be inclined to view the evidence differently than did the agency. Cahoone v. Board of Review,104 R.I. 503, 506 (1968). Judicial review on appeal is limited to an examination and consideration of the certified record to determine if there is any legally competent evidence therein to support the agency's decision. If there is such evidence, this Court is required to uphold the agency's factual determinations.Easton's Point Association v. Coastal Resources ManagementCouncil, 559 A.2d 633, 636 (1989); Sartor v. Coastal ResourcesManagement Council, 542 A.2d 1077, 1083 (1988); NarragansettWire Co. v. Norberg, 118 R.I. 596, 607 (1977); Prete v.Parshley, 99 R.I. 172, 176 (1965).
Where, however, the findings or conclusions made by an agency are "totally devoid of competent evidentiary support in the record" or by the reasonable inferences that can be drawn therefrom, then the findings made by the agency are not controlling upon this Court. Milardo v. Coastal ResourcesManagement Council, 434 A.2d 266, 270 (1981); Millerick v.Fascio, 384 A.2d 601, 603 (1978); DeStefanis v. Rhode IslandState Board of Elections, 107 R.I. 625, 627, 628 (1970).
The Administrative Procedure Act, G.L. 1956 § 42-35-15,
permits this Court to reverse, modify or remand an agency decision only in those instances where it finds that substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are in violation of constitutional or statutory provisions; or in excess of the statutory authority of the agency, or made upon unlawful procedure, or affected by other error of law, or clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record, or is arbitrary or capricious or characterized by abuse of discretion or by a clearly unwarranted exercise of the agency's discretion.
III
REVIEW OF THE C.R.M.C. DECISION
§ 46-23-6 R.I.G.L. specifically grants and delegates broad authority and jurisdiction to the Coastal Resources Management Council to carry out and implement the policies and purposes clearly expressed by the General Assembly in § 46-23-1 R.I.G.L.
In carrying out its delegated authority to preserve and protect the general public's right to the enjoyment of this State's coastal resources, the Council is specifically authorized to discover and designate public rights-of-way to the State's tidal water areas. In so doing, it may utilize as a basis therefor, previous public use of the land way; public records and other historical evidence such as maps and street indexes and such other evidence of a type commonly relied upon by reasonable prudent men in the conduct of their affairs, § 42-23-6(E);42-35-10 R.I.G.L. The Council prior to making any designation of a public right-of-way to the tidal water areas must first conduct public hearings. In this case a Council subcommittee did on October 30, 1986 conduct a public hearing, and after concluding same, recommended to the full Council that the parcel of land here in question, known as the Beach Lot in Bristol be designated as a public right-of-way. Later, on March 10, 1987 and again on April 14, 1987 the full Coastal Resources Management Council held further public hearings. The full Council, some four months later filed a written decision on August 11, 1987 wherein it designated the Beach Lot in Bristol, located on the southerly and southeasterly side of Poppasquash Road as a public right-of-way to the tidal water areas of Bristol Harbor. In its written decision which is the subject matter of this appeal, it identified the hearing record evidence upon which it relied in making its finding and conclusions of law. The plaintiff-appellants here challenge those findings and conclusions.
After reviewing the records and transcript certified to this Court by the Council and the legal memoranda filed by counsel it appears that the plaintiff-appellants center their appeal on what they claim is the judicial final determination of their rights by a judgment entered in the case of Paul M. Sanroma and EdnaSanroma v. Town of Bristol, C.A. 72-1472 filed in the Superior Court on May 31, 1972, as well as the failure of the Council to correctly interpret and evaluate the evidence which was presented at the hearings.
Taking up first the claim by the plaintiff-appellants that the judgment in C.A. 72-1472 effectively foreclosed the Council from making the designation it made.
A careful reading of the case file in C.A. 72-1472 does not support the plaintiff-appellants' position. That civil action was commenced by the plaintiff-appellants for the purpose of enjoining the Town of Bristol from removing a no trespassing sign that they had posted on a portion of their land which had been recently purchased by them. The issue in that case was nottitle to the land in question, where the sign had been erected but instead, the right of the Town to remove the sign. The parties to that litigation did not litigate the question of the plaintiff-appellants' title to the land, although the defendant, in that case, the Town of Bristol, did file a counterclaim wherein it alleged the public's right to pass over the piece of land upon which the no trespassing sign had been posted. In that case, for the purpose of resolving the sign removal controversy, Judge Bulman, entered a final judgment which dismissed withoutprejudice the town's contention in its counterclaim which sought to determine the public's right-of-way over the land area in question. He then granted injunctive relief to the plaintiff-appellants on the basis of his finding that by virtue of their deed to the property from the Thorntons they had sufficient title, namely colorable title, to sustain their right to injunctive relief. Judge Bulman never found, and the judgment he entered, never found or concluded that the plaintiff-appellants had title, to the exclusion of the general public in the so-called Beach Lot. In addition, he only enjoined the defendant Bristol town councilmen, their employees and agents from challenging the plaintiff-appellants' right of possession in the property and not the State, or the general public's rights therein. His dismissal of the defendants' counterclaim in C.A.72-1472, without prejudice, not only permitted its relitigating, but in essence recognized that the defendants therein were unaware of Rules 14 and 17 R.C.P. and, in C.A.72-1472 were not the real parties in interest who could legally litigate the general public's right to use the Beach Lot to get to and from the tide waters of Bristol Harbor. Hall v.Nascimento, 594 A.2d 874 (1991); Providence Teachers Union v.McGovern, 113 R.I. 169, 172 (1974). Accordingly, when here in this appeal, the plaintiff-appellants claim that the Judgment entered by Judge Bulman in C.A. 72-1472 effectively foreclosed by reason of collateral estoppel reconsideration of the ownership rights and the rights of the public to use the parcel of land in question, they simply misconstrue not only the Judgment entered, but also, the doctrine of collateral estoppel. On the facts; the issue and the parties here in this proceeding, collateral estoppel does not apply. Mulholland Construction Co. v. Lee Pare Associates. Inc., 576 A.2d 1236, 1237 (1990); Corrado v.Providence Redevelopment Agency, 113 R.I. 274, 277 (1974).
In addition, and perhaps most noteworthy when reviewing the Judgment entered by Judge Bulman in C.A. 72-1472, in his specific use of the words that the plaintiffs had established acolorable right to the land described in their deed from the Thorntons, colorable title is not legal title in the sense of full title. In fact, a void deed taken in good faith gives colorable title. Grosvnor v. Olson (Iowa) 199 N.W.2d 50, 52 (1972). Color of title is something that has the appearance of title, but is not such in fact. Stevensen v. Owen (Montana)687 P.2d 1010, 1015 (1984); Humphrey v. C.G. Jung Educational Centerof Houston, (Texas) 624 F.2d 637, 641 (1980); Olstowski v.Schreck (N.J.) 219 A.2d 210, 212 (1966); McCoy v. Lowrie
(Wash.) 253 P.2d 415, 418 (1963).
As to the plaintiff-appellants' contention that the Council's decision is clearly erroneous in view of the reliable probative and substantial evidence in the record and is arbitrary and capricious, that contention is clearly without merit.
As noted earlier, this Court has reviewed the certified record and the findings made therefrom by the full Coastal Resource Management Council. Those findings are required specifically to be made upon "substantial evidence" §42-23-6(E)(7) R.I.G.L. Substantial evidence means that the evidence relied upon must be more than a scintilla, but less than a preponderance, and being relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Caswellv. George Sherman Sand, etc., 424 A.2d 646, 647 (1981).
In this case, the Council made sixteen findings of fact with regard to its designation of the parcel in question as a right-of-way. Each of those sixteen findings are clearly based upon more than ample and substantial evidence to support them in the record, and in the deed, and title report exhibits. What the plaintiff-appellants here are in essence contending is that because the Council did not agree with their interpretation of that evidence, it was wrong. That view however is not the law that prevails in this Court's review of the Council's decision. This Court is not permitted to substitute its judgment for that of the Council on questions of fact. § 42-35-15 R.I.G.L.;Lemoine v. Department of Public Health, 113 R.I. 285, 291 (1974). That is so, even if this Court might be inclined, which it is not so inclined, to view the evidence differently than did the Council. Cahoone v. Board of Review, 104 R.I. 503, 506 (1968).
This Court in its review of the record certified here by the Council finds nothing therein which is in violation of any constitutional or statutory authority; finds nothing therein to suggest that the Council acted in excess of the authority granted to it by law; finds that the Council's procedure was lawful and that its decision is not affected by any error of law. This Court further finds that the Council's decision is not clearly erroneous in view of the reliable, probative and substantial evidence contained in the record; is not arbitrary or capricious, and, is not characterized by any abuse of discretion by the Council.
Accordingly, pursuant to the specific legislative mandate contained in § 42-35-15 R.I.G.L. this Court must, and does, deny and dismiss the plaintiff-appellants' appeal.
The decision of the Coastal Resources Management Council made on August 11, 1987 is affirmed.
Counsel will prepare and present an appropriate Judgment for entry by the Court within fifteen (15) days.